IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99-CR-30120-WDS |
| ) | |
| ERNEST SPILLER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

Before the Court are defendant's motions for retroactive application of the Advisory Sentencing Guidelines (Docs. 120 and 138); amended motion (Doc. 143), and a motion of appointed counsel, Daniel Cronin, AFPD, for leave to withdraw (Doc. 142).

Defendant was convicted of two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), one count of maintaining a place for the purpose of manufacturing, distributing and using cocaine base in violation of 21 U.S.C. § 856, and one count of bring a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court determined his relevant conduct involved 28 kilograms of crack cocaine, that he had a criminal history category of III and a offense level of 38, and sentenced the defendant to a total term of 352 months, consisting of 292 months on each of Counts 1 and 2, 240 months on Count 3, 60 months on Count 4 and 120 months on Count 5. Counts 1-3 and 5 were to be served concurrently, and the sentence on Count 4 to be served consecutively. The defendant appealed and his conviction and sentence were affirmed on appeal. *United States v. Spiller*, No. 00-3043 (7th Cir. 2001). The defendant also filed a habeas petition pursuant to 28 U.S.C. § 2255, which was denied by this Court. *Spiller v. United States*, No. 02-312.

The defendant did not appeal from that judgment.

In his motions for reduction, the defendant asserts that he is entitled to a reduction in sentence under the amendments to the Sentencing Guidelines, He also raises several challenges to his conviction under 18 U.S.C. §841 including asserting: the Court's determination that his relevant conduct amounted to 28 kilograms of crack cocaine was erroneous; that the drug ledgers upon which his convictions were based were unreliable; that the government failed to prove his responsibility for that amount of crack cocaine; and, he was only responsible for 1.5 kilograms of crack cocaine, and therefore is entitled to a sentence reduction.

To the extent that the defendant seeks relief pursuant to 18 U.S.C. §3582, he is not eligible for a reduction in sentence based upon the Court's determination that his relevant conduct involved 28 kilograms of crack cocaine. The amendments to the Advisory Sentencing Guidelines do not apply to that level of relevant conduct, and his motions for reduction in sentence are **DENIED**.

To the extent that the defendant seeks review of his conviction, the relief that he seeks must be brought as a habeas action. 28 U.S.C. § 2255 is the proper vehicle by which a defendant can seek collateral review, and by which a defendant can seek to have the Court vacate, set aside or correct his original sentence. As previously noted, however, the defendant previously filed a habeas petition which was denied by this Court. He has not sought leave to file a second or successive petition from the Court of Appeals, and therefore, the Court is without jurisdiction to consider these claims. 28 U.S.C. §2255(h). Therefore, defendant's motion challenging the nature of his conviction is **DISMISSED**. The Court **GRANTS** the motion for leave to withdraw as counsel.

**IT IS SO ORDERED.**

**DATE: <u>1 August, 2012</u>**

**<u>s/ WILLIAM D. STIEHL</u>**
**DISTRICT JUDGE**
