IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ERNEST SPILLER,

        Defendant.

Case No. 99-cv-30120-SMY

**MEMORANDUM AND ORDER**

      This matter is before the Court on Defendant Ernest Spiller's *pro se* Motion to Reduce Sentence (Doc. 145). Attorney Todd M. Schultz entered his appearance on behalf of Defendant, and has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of Defendant's request (Doc. 147). *See Anders v. California*, 386 U.S. 738, 744 (1967). Neither the Government nor Defendant have responded.

      Defendant was convicted of two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1); one count of maintaining a place for the purpose of manufacturing, distributing, and using cocaine base in violation of 21 U.S.C. § 856; and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court found Defendant's relevant conduct included 28 kilograms of crack cocaine resulting in an offense level of 38. Ultimately, the Court sentenced Defendant to a term of 292 months on each of Counts 1 and 2, 240 months on Count 3, 60 months on Count 4, and 120 months on Count 5. Counts 1-3 and 5 were to be served concurrently, and Count 4 was to be served consecutively. Defendant appealed and his conviction and sentence were affirmed on appeal. *United States v. Spiller*, 261 F.3d 683 (7th Cir. 2001).

Spiller now asks the Court to apply recent changes to the sentencing guidelines to lower his sentence. Amendment 782 amended U.S.S.G. §§ 2D1.1 and 2D1.11 as of November 4, 2014, to lower some base offense levels associated with the drug quantities described in §§ 2D1.1 and 2D1.11. The relevant parts of Amendment 782 are retroactive.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

Defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Under Amendment 782, the base offense level for 28 kilograms of crack cocaine, Defendant's relevant conduct, is 38, exactly what Defendant's base offense level was before Amendment 782 became effective. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18

U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because Defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's Motion to Withdraw (Doc. 147) and **DISMISSES** Defendant's *pro se* Motion to Reduce Sentence (Doc. 145) for **lack of jurisdiction**.

**IT IS SO ORDERED.**

**DATED:** February 5, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
